OPINION OF THE COURT
W. Denis Donovan, J.
Plaintiff, Joseph P. Sullivan, doing business as K & B Plumbing, has sued the two first-named defendants in contract for a balance of moneys allegedly due him for performing plumbing work and providing certain materials improving defendants’ property.
By motion, the main defendants, Conant Valley Associates, *484 Ltd. and Dennis Papa, seek summary judgment dismissing the complaint upon ground of payment or accord and satisfaction under CPLR 3211 (a) (5).
The motion is granted and the complaint is dismissed as to these defendants upon the grounds offered; since the remaining defendant appears to have been named by virtue of being a lienor against the property, this decision and order will constitute a disposition of the entire case.
The central issue presented is whether plaintiffs scratching out of "complete and final payment” verbiage placed by defendants at the top of the endorsement blocks, followed by his depositing of the checks for collection, sufficiently reserved his rights so as to permit the subsequent suit here for the higher claimed amount. The court concedes that a close and novel question of law is presented.
The rule at common law is that acceptance and cashing of a final check even with explicit words of reservation of rights by the payee as to further claims constitute in all events an accord and satisfaction. This rule was, however, substantially changed upon the passage of Uniform Commercial Code § 1-207 which allows for such reservation by the payee. That section reads in full as follows: "A party who with explicit reservation of rights performs or promises performance or assents to performance in a manner demanded or offered by the other party does not thereby prejudice the rights reserved. Such words as 'without prejudice’, 'under protest’ or the like are sufficient.”
While much case law has construed the section, it has primarily dealt with the types of transactions and situations covered by the provision. Research by the court has not disclosed any precedent examining what verbiage short of the type indicated in the statute would still be "explicit”. The common thread, however, running between both the near cases examined and the statute itself is the necessity for "explicit” verbiage reserving further rights despite endorsement and cashing (see, Horn Waterproofing Corp. v Bushwick Iron & Steel Co., 66 NY2d 321). Here, in addition to the defendants’ "full payment” conditions appearing over the endorsement blocks on the checks themselves, letters accompanying the checks from the defendants indicated the existence of the dispute and tender of the checks as a "complete amount and final payment” and "should you elect not to accept this final payment then all documents and backcharges are withdrawn”.
*485 On strength of general case authority, the statute itself which must be narrowly interpreted since in derogation of the common law and under the particular facts here, the court must conclude that standing alone, mere scratching out of final payment conditions on a check followed by endorsement and cashing is not the explicit and unambiguous reservation of rights required; further added words clearly bespeaking reservation are necessary. In light of this holding, other points raised by defendants are mooted.
Upon presentation of a copy of this decision and order of dismissal with notice of entry, the County Clerk is hereby directed to cancel of record any lien(s) filed by plaintiff on or about May 23rd, 1989 against lot 4, block 9827, Town of Pound Ridge owned by defendant Conant Valley Associates.